THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A THINKING APE, INC.,<br>A Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>LODSYS GROUP, LLC, a Texas limited liability company,<br><br>Defendant. | Civil Action No. 2:12-cv-00883<br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND<br><br>(An action related to Patents) |

A THINKING APE, INC. ("Plaintiff"), through its undersigned counsel and this Complaint, seeks declaratory judgment and a jury trial against defendant LODSYS GROUP, LLC ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for a declaratory judgment that Plaintiff does not infringe any valid claim of United States Patent Nos. 5,999,908 (the '908 patent); 7,133,834 (the '834 patent); 7,222,078 (the '078 patent); or 7,620,565 (the '565 patent) (collectively, the "Asserted Patents"), and for a declaratory judgment that the claims of the Asserted Patents are invalid.

2.     Attached as Exhibit A is a true and correct copy of the '908 patent.

3.     Attached as Exhibit B is a true and correct copy of the '834 patent.

COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND
CASE NO. 2:12-cv-00883

- 1 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

4916240_2.DOCX

4.     Attached as Exhibit C is a true and correct copy of the '078 patent.

5.     Attached as Exhibit D is a true and correct copy of the '565 patent.

6.     The United States Patent & Trademark Office has instituted reexamination proceedings for the '078 patent and the '565 patent.

7.     Defendant purports to own the Asserted Patents.

8.     This is also an action for injunctive relief against Defendant that it be permanently enjoined from making any further allegations that Plaintiff, its clients, and/or its customers infringe any of the claims of the Asserted Patents.

## THE PARTIES

9.     Plaintiff is a Delaware corporation with its principal and only place of business within the United States located in King County, Washington, at 8201 164th Ave. NE, Ste. 200, Redmond, WA 98052.  Plaintiff creates technology and builds products to solve complex technical software problems.  Plaintiff aims to change how people socialize and play on mobile devices.

10.     On information and belief, Defendant Lodsys Group, LLC is a Texas limited liability company and purports to have a principal place of business at 505 East Travis Street, Suite 207, Marshall, TX 75670.  On information and belief, Defendant does not create products; it solely engages in aggressive litigation tactics to compel licenses of their Asserted Patents from companies that do produce products.

11.     On information and belief, Plaintiff alleges that Kelley, Donion, Gill, Huck, & Goldfarb, PLLC continues to represent Defendant in all cases relating to the Asserted Patents.

12.     On information and belief, Plaintiff alleges that Defendant sent a threat letter to Ryonet Corporation, a Washington Corporation, with a purported principal place of business in Clark County, Washington.

13.     Ryonet Corporation filed a complaint for declaratory judgment against Defendant in the Western District of Washington on March 8, 2012, seeking a declaratory

COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND
CASE NO. 2:12-cv-00883
4916240_2.DOCX

- 2 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

judgment of noninfringement and invalidity of the Asserted Patents.  The case is entitled *Ryonet Corp. v. Lodsys, LLC, et al.*, No 3:12-cv-05205-RBL (W.D. Wa.).

14.     On March 14, 2012, attorney Christopher M. Huck filed a notice of appearance in *Ryonet Corp. v. Lodsys, LLC, et al*.  The case was subsequently dismissed.

15.     Other entities have also sued Defendant for declaratory judgment on the Asserted Patents.  Defendant has also sued other entities in the Eastern District of Texas.

16.     On February 11, 2011, Defendant filed a lawsuit in the Eastern District of Texas against twelve companies alleging infringement of one or more of the Asserted Patents.  The case is entitled *Lodsys, LLC v. Brother Int'l Corp., et al.*, No. 2:11-cv-00090-JRG (E.D. Tex.).

17.     On May 31, 2011, Defendant filed a lawsuit in the Eastern District of Texas against seven additional companies, all developers of Apple iPhone applications, alleging infringement of the Asserted Patents.  The case is entitled *Lodsys, LLC v. Combay, Inc., et al.*, No. 2:11-cv-00272-JRG (E.D. Tex.).

18.     On June 7, 2011, ForeSee Results, Inc. filed a complaint for declaratory judgment against Defendant in the Northern District of Illinois seeking a declaratory judgment of noninfringement and invalidity of the Asserted Patents.  The case is entitled *ForeSee Results, Inc. v. Lodsys, LLC*, No. 1:11-cv-3886 (N.D. Ill.) and has been transferred to the Eastern District of Wisconsin as *ForeSee Results, Inc. v. Lodsys, LLC*, No. 2:11-cv-0192 (E.D. Wis.). On June 7, 2011, ForeSee Results, Inc. filed a complaint for declaratory judgment against Defendant in the Eastern District of Wisconsin seeking a declaratory judgment of noninfringement and invalidity of the Asserted Patents.  The case, which is entitled *LA ForeSee Results, Inc. v. Lodsys LLC*, No. 2:11-cv-01092 (E.D. Wis.), was voluntarily dismissed.

19.     On June 10, 2011, Defendant filed another lawsuit in the Eastern District of Texas against ten additional companies, alleging infringement of the Asserted Patents.  The case is entitled *Lodsys, LLC v. Adidas America, Inc. et al.*, No. 2:11-cv-00283-JRG (E.D. Tex.).

20.     On June 10, 2011, ESET, LLC filed a complaint for declaratory judgment against Defendant in the Southern District of California seeking a declaratory judgment of

COMPLAINT FOR DECLARATORY JUDGMENT AND
JURY DEMAND
CASE NO. 2:12-cv-00883

- 3 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

4916240_2.DOCX

1    noninfringement and invalidity of the Asserted Patents.  The case is entitled *ESET, LLC v.*

2    *Lodsys, LLC*, No. 3:11-cv-01285-WQH-RBB (S.D. Cal.) and has been dismissed.

3          21.    On June 13, 2011, The New York Times Company filed a complaint for

4    declaratory judgment against Defendant in the Northern District of Illinois seeking a

5    declaratory judgment of noninfringement and invalidity of the Asserted Patents.  The case is

6    entitled *The New York Times Co. v. Lodsys, LLC*, No. 1:110-cv-04004 (N.D. Ill.), and has been

7    dismissed.

8          22.    On June 13, 2011, OpinionLab, Inc. filed a complaint for declaratory judgment

9    against Defendant in the Northern District of Illinois seeking a declaratory judgment of

10   noninfringement and invalidity of the Asserted Patents.  The case is entitled *OpinionLab, Inc. v.*

11   *Lodsys, LLC*, No. 1:11-cv-04015 (N.D. Ill.) and has been dismissed.

12         23.    On June 15, 2011, LivePerson, Inc. filed a complaint for declaratory judgment

13   against Defendant in the Northern District of Illinois seeking a declaratory judgment of

14   noninfringement and invalidity of the Asserted Patents.  The case is entitled *LivePerson, Inc. v.*

15   *Lodsys, LLC*, No. 1:11-cv-04088 (N.D. Ill.) and was transferred to the Eastern District of

16   Wisconsin as *LivePerson, Inc. v. Lodsys, LLC*, No. 2:11-cv-01030 (E.D. Wis.).  On June 15,

17   2011, LivePerson, Inc. filed a complaint for declaratory judgment against Defendant in the

18   Eastern District of Wisconsin seeking a declaratory judgment of noninfringement and invalidity

19   of the Asserted Patents.  The case is entitled *LivePerson Inc v. Lodsys LLC*, No. 2:11-cv-01030

20   (E.D. Wis.).

21         24.    On June 30, 2011, DriveTime Automotive Group Incorporated filed a complaint

22   for declaratory judgment against Defendant in the District of Arizona seeking a declaratory

23   judgment of noninfringement and invalidity of the Asserted Patents.  This case is entitled

24   *DriveTime Auto. Group Inc. v. Lodsys LLC*, No. 2:11-cv-01307-NVW (D. Ariz.) and has been

25   dismissed.

26

27

25.     On July 5, 2011, Defendant filed another lawsuit in the Eastern District of Texas against six additional companies, alleging infringement of the Asserted Patents.  The case is entitled *Lodsys, LLC v. DriveTime Auto. Group, Inc., et al.*, No. 2:11-cv-309 (E.D. Tex.).

26.     On July 6, 2011, ESET LLC filed a complaint for declaratory judgment against Defendant in the Eastern District of Wisconsin seeking a declaratory judgment of noninfringement and invalidity of the Asserted Patents.  The case is entitled *ESET LLC v. Lodsys, LLC*, No. 2:11-cv-00650-JPS (E.D. Wis.) and has been dismissed.

27.     On August 4, 2011, RightNow Technologies, Inc. filed a complaint for declaratory judgment against Defendant in the Eastern District of Wisconsin seeking a declaratory judgment of noninfringement and invalidity of the Asserted Patents.  The case is entitled *RightNow Techs., Inc. v. Lodsys, LLC.*, No. 2:11-cv-00737 (E.D. Wis.).

28.     On August 9, 2011, Wolfram Alpha LLC filed a complaint for declaratory judgment against Defendant in the Eastern District of Wisconsin seeking a declaratory judgment of noninfringement and invalidity of the Asserted Patents.  This case is entitled *Wolfram Alpha LLC, et al. v. Lodsys, LLC*, No. 2:11-cv-00750-LA (E.D. Wis.).

29.     On December 2, 2011, PC Drivers Headquarters 1, Inc. filed a complaint for declaratory judgment against Defendant in the Eastern District of Wisconsin seeking a declaratory judgment of noninfringement and invalidity of the Asserted Patents.  The case is entitled *PC Drivers Headquarters 1 Inc., et al. v. Lodsys, LLC*, No. 2:11-cv-01099-LA (E.D. Wash.) and has been dismissed.

30.     On December 8, 2011, PCS Sales (USA) Inc. filed a complaint for declaratory judgment against Defendant in the Eastern District of Wisconsin seeking a declaratory judgment of noninfringement and invalidity of the Asserted Patents.  The case is entitled *PCS Sales (USA) Inc. v. Lodsys, LLC*, No. 2:11-cv-01113-CNC (E.D. Wis.).

31.     On January 4, 2012, The JM Smucker Company filed a complaint for declaratory judgment against Defendant in the Eastern District of Wisconsin seeking a

COMPLAINT FOR DECLARATORY JUDGMENT AND
JURY DEMAND
CASE NO. 2:12-cv-00883

- 5 -

4916240_2.DOCX

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1    declaratory judgment of noninfringement and invalidity of the Asserted Patents.  The case is

2    entitled *The JM Smucker Co. v. Lodsys, LLC*, No. 2:12-cv-00012-CNC (E.D. Wis.).

3          32.     In all four Texas cases, counsel of record to Defendant is Kelley, Donion, Gill,

4    Huck, & Goldfarb, PLLC, based in Seattle, WA, and Davis Finn, P.C., based in Longview,

5    Texas.

6          33.     Plaintiff apprehends that Defendant has now set its sights on wrongfully suing

7    Plaintiff as a part of its litigious nature and business practice.

8                              **JURISDICTION AND VENUE**

9          34.     This Court has subject matter jurisdiction over Plaintiff's causes of action under

10   28 U.S.C. § 1331 because these claims involve federal questions; under 28 U.S.C. § 1338(a)

11   because these claims arise under an Act of Congress relating to the patent laws of the United

12   States in 35 U.S.C. §§ 101, *et seq.*; and under the Federal Declaratory Judgment Act 28 U.S.C.

13   § 2201(a), as an actual controversy.  Defendant's litigious nature and the Threat Letter

14   (described below) that it sent to Plaintiff with respect to the Asserted Patents has given Plaintiff

15   reasonable apprehension that it will be wrongly sued for infringement of the Asserted Patents.

16   Plaintiff believes that the threat of suit is imminent.  A definite case and controversy exists

17   between Plaintiff and Defendant with respect to the infringement, validity, and scope of the

18   Asserted Patents.

19         35.     On information and belief, this Court has personal jurisdiction over the

20   Defendant because it has made constitutionally sufficient minimum contacts with Washington,

21   and has purposefully availed itself of the benefits and protections of the laws of this state and

22   judicial district.  On information and belief, Defendant maintains ongoing contractual

23   relationships and conducts business in this district.  Prior to Plaintiff's action, various

24   declaratory judgment actions have been pending against Defendant or were recently closed

25   regarding the Asserted Patents.  Defendant has retained the Seattle law firm of Kelley, Donion,

26   Gill, Huck & Goldfarb, PLLC to represent them in these actions.

27

36.     Venue in this Court is proper under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because, *inter alia*, a substantial part of the events giving rise to the claims occurred here, and Plaintiff resides in this district.  This Court is a convenient forum because Plaintiff's documents and witnesses are within or near this district and, on information and belief, Defendant's most important documents are its patents.

## BACKGROUND OF THE DISPUTE

37.     Plaintiff re-alleges preceeding paragraphs 1 through 36 in this Complaint.

38.     Plaintiff produces, among its other mobile game products, "Party in My Dorm" ("PMD"), a mobile game application available for download on the Apple Inc. App Store.

39.     On or about May 14, 2012, Defendant sent a threatening letter by Federal Express to Plaintiff's co-founder, Mr. Wilkins Chung, at the Washington office headquarters expressly charging that Plaintiff had infringed Defendant's Asserted Patents (the "Threat Letter").  A true and correct copy of this letter is attached as Exhibit E.

40.     The Threat Letter accused Plaintiff's PMD product of infringing the Asserted Patents.  Specifically, the Threat Letter began by expressing that it regarded Plaintiff's PMD product as an "Infringement of U.S. Patent Nos. 5,999,908, 7,133,834, 7,222,078, and 7,620,565 (Abelow)" in the Threat Letter's subject line.

41.     The Threat Letter contained slides highlighting sections of Claim 1 of the '078 patent in a superficial attempt to compare to screen shots of PMD to claim 1 of the '078 patent.

42.     The Threat Letter alleges: "We have reviewed your use of the Lodsys Patents and have prepared the enclosed claim chart demonstrating at least one instance of how you utilize the inventions embodied in the Lodsys Patents.  The images used in the charts are representative only and in addition to the charted claim of the referenced patent, you should consider the remaining claims of that patent and the other Lodsys Patents both with respect to the charted utilization and to other products and services offered by you."

43.     Defendant is the recent assignee of the Asserted Patents, which are set to expire on August 6, 2012.  On information and belief, Defendant is seeking to maximize its

COMPLAINT FOR DECLARATORY JUDGMENT AND
JURY DEMAND
CASE NO. 2:12-cv-00883

- 7 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

4916240_2.DOCX

1   investment on the patents and due to their imminent expiration, Defendant has engaged in a

2   calculated, widespread, and improper course of conduct in attempting to extract as much

3   revenue as possible from purported "infringers."

4         44.   On information and belief, third party Apple Inc. ("Apple") is licensed to the

5   patents in suit and expressly permitted, among other things, to use, sell, offer to sell or

6   otherwise distribute to its developers, such as Plaintiff, products and services that embody the

7   technology covered by the patents in suit (the "License").

8         45.   On information and belief, Defendant purchased the Asserted Patents subject to

9   Apple's License.  On information and belief, Apple's ability to use the technology embodied by

10  the Asserted Patents is the purported value of Apple's License.

11        46.   Apple offers products and services to the Plaintiff to enable Plaintiff to offer its

12  products to the end users of Apple products. The products and services Apple provides to the

13  Plaintiff consist, among other things, of Apple application program interfaces, Apple software

14  development kits, and Apple's operating system through which the Plaintiff's programs access

15  Apple hardware and software that permit interaction between Plaintiff and Apple end users

16  through the App Store.  Apple also provides a comprehensive set of Apple hosting, marketing,

17  sales, agency, and delivery services that allow Plaintiff to provide Plaintiff's products like

18  PMD to millions of Apple end users.

19           **COUNT ONE – DECLARATORY JUDGMENT OF**

20           **NON-INFRINGEMENT OF THE '908 PATENT**

21        47.   Plaintiff re-alleges preceeding paragraphs 1 through 46 in this Complaint.

22        48.   Neither PMD nor any other of Plaintiff's products infringe any valid claim of

23  the '908 patent asserted by Defendant.

24        49.   An actual controversy exists between Plaintiff and Defendant as to whether or

25  not Plaintiff has infringed, or is infringing, the '908 patent; or has induced, or is inducing

26  infringement of the '908 patent.

27

COMPLAINT FOR DECLARATORY JUDGMENT AND     - 8 -     WILSON SONSINI GOODRICH & ROSATI
JURY DEMAND                                                  701 Fifth Avenue, Suite 5100
CASE NO. 2:12-cv-00883                                            Seattle, WA  98104-7036
                                                                         Tel: (206) 883-2500
4916240_2.DOCX                                                                     Fax: (206) 883-2699

50.     The controversy entitles Plaintiff to a declaration in a judgment from this Court under Federal Rule of Civil Procedure 57 and 28 USC §§ 2201 *et. seq.* that Plaintiff (i) has not infringed and is not infringing any valid and enforceable claim of the '908 patent; (ii) has not contributed to infringement and is not contributing to infringement of the '908 patent; and (iii) has not induced infringement and is not inducing infringement of the '908 patent.  It is an appropriate time for such a declaration.

## COUNT TWO – DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '834 PATENT

51.     Plaintiff re-alleges preceeding paragraphs 1 through 50 in this Complaint.

52.     Neither PMD nor any other of Plaintiff's products infringe any valid claim of the '834 patent asserted by Defendant.

53.     An actual controversy exists between Plaintiff and Defendant as to whether or not Plaintiff has infringed, or is infringing, the '834 patent; or has induced, or is inducing infringement of the '834 patent.

54.     The controversy entitles Plaintiff to a declaration in a judgment from this Court under Federal Rule of Civil Procedure 57 and 28 USC §§ 2201 *et. seq.* that Plaintiff (i) has not infringed and is not infringing any valid and enforceable claim of the '834 patent; (ii) has not contributed to infringement and is not contributing to infringement of the '834 patent; and (iii) has not induced infringement and is not inducing infringement of the '834 patent.  It is an appropriate time for such a declaration.

## COUNT THREE – DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '078 PATENT

55.     Plaintiff re-alleges preceeding paragraphs 1 through 54 in this Complaint.

56.     Neither PMD nor any other of Plaintiff's products infringe any valid claim of the '078 patent asserted by Defendant.

COMPLAINT FOR DECLARATORY JUDGMENT AND
JURY DEMAND                                     - 9 -
CASE NO. 2:12-cv-00883

4916240_2.DOCX

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

57.     An actual controversy exists between Plaintiff and Defendant as to whether or not Plaintiff has infringed, or is infringing, the '078 patent; or has induced, or is inducing infringement of the '078 patent.

58.     The controversy entitles Plaintiff to a declaration in a judgment from this Court under Federal Rule of Civil Procedure 57 and 28 USC §§ 2201 *et. seq.* that Plaintiff (i) has not infringed and is not infringing any valid and enforceable claim of the '078 patent; (ii) has not contributed to infringement and is not contributing to infringement of the '078 patent; and (iii) has not induced infringement and is not inducing infringement of the '078 patent.  It is an appropriate time for such a declaration.

## COUNT FOUR – DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '565 PATENT

59.     Plaintiff re-alleges preceeding paragraphs 1 through 58 in this Complaint.

60.     Neither PMD nor any other of Plaintiff's products infringe any valid claim of the '565 patent asserted by Defendant.

61.     An actual controversy exists between Plaintiff and Defendant as to whether or not Plaintiff has infringed, or is infringing, the '565 patent; or has induced, or is inducing infringement of the '565 patent.

62.     The controversy entitles Plaintiff to a declaration in a judgment from this Court under Federal Rule of Civil Procedure 57 and 28 USC §§ 2201 *et. seq.* that Plaintiff (i) has not infringed and is not infringing any valid and enforceable claim of the '565 patent; (ii) has not contributed to infringement and is not contributing to infringement of the '565 patent; and (iii) has not induced infringement and is not inducing infringement of the '565 patent.  It is an appropriate time for such a declaration.

## COUNT FIVE – DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '908 PATENT

63.     Plaintiff re-alleges preceding paragraphs 1 through 62 in this Complaint.

COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND
CASE No. 2:12-cv-00883

- 10 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

4916240_2.DOCX

1   64.     Based on the above-stated conduct, Plaintiff believes that Defendant contends

2   that Plaintiff infringes one or more claims of the '908 patent.

3   65.     Plaintiff denies that it infringes any valid and enforceable claim of the '908

4   patent, and avers that the assertions of infringement cannot be maintained consistently with

5   statutory conditions of patentability and the statutory requirements for disclosure and claiming

6   that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and

7   112.

8   66.     Accordingly, an actual controversy exists between Plaintiff and Defendant as to

9   the validity of the '908 patent.  The controversy is such that, pursuant to Federal Rule of Civil

10  Procedure 57 and 28 U.S.C. §§ 2201 *et. seq.*, Plaintiff is entitled to a declaration, in the form of

11  a judgment, that the '908 patent is invalid.  It is an appropriate time for such a declaration.

12  ## COUNT SIX – DECLARATORY JUDGMENT OF

13  ## INVALIDITY OF THE '834 PATENT

14  67.     Plaintiff re-alleges preceding paragraphs 1 through 66 in this Complaint.

15  68.     Based on the above-stated conduct, Plaintiff believes that Defendant contends

16  that Plaintiff infringes one or more claims of the '834 patent.

17  69.     Plaintiff denies that it infringes any valid and enforceable claim of the '834

18  patent, and avers that the assertions of infringement cannot be maintained consistently with

19  statutory conditions of patentability and the statutory requirements for disclosure and claiming

20  that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and

21  112.

22  70.     Accordingly, an actual controversy exists between Plaintiff and the Defendant as

23  to the validity of the '834 patent.  The controversy is such that, pursuant to Federal Rule of

24  Civil Procedure 57 and 28 U.S.C. §§ 2201 *et. seq.*, Plaintiff is entitled to a declaration, in the

25  form of a judgment, that the '834 patent is invalid.  It is an appropriate time for such a

26  declaration.

27  ## COUNT SEVEN – DECLARATORY JUDGMENT OF

**INVALIDITY OF THE '078 PATENT**

71.    Plaintiff re-alleges preceding paragraphs 1 through 70 in this Complaint.

72.    Based on the above-stated conduct, Plaintiff believes that Defendant contends that Plaintiff infringes one or more claims of the '078 patent.

73.    Plaintiff denies that it infringes any valid and enforceable claim of the '078 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

74.    Accordingly, an actual controversy exists between Plaintiff and the Defendant as to the validity of the '078 patent.  The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et. seq.*, Plaintiff is entitled to a declaration, in the form of a judgment, that the '078 patent is invalid.  It is an appropriate time for such a declaration.

**COUNT EIGHT – DECLARATORY JUDGMENT OF**

**INVALIDITY OF THE '565 PATENT**

75.    Plaintiff re-alleges preceding paragraphs 1 through 74 in this Complaint.

76.    Based on the above-stated conduct, Plaintiff believes that Defendant contends that Plaintiff infringes one or more claims of the '565 patent.

77.    Plaintiff denies that it infringes any valid and enforceable claim of the '565 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103 and 112.

78.    Accordingly, an actual controversy exists between Plaintiff and the Defendant as to the validity of the '565 patent.  The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et. seq.*, Plaintiff is entitled to a declaration, in the

**COMPLAINT FOR DECLARATORY JUDGMENT AND**
**JURY DEMAND**
CASE NO. 2:12-cv-00883

- 12 -

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

4916240_2.DOCX

form of a judgment, that the '565 patent is invalid.  It is an appropriate time for such a

declaration.

**COUNT NINE – PATENT EXHAUSTION AND FIRST SALE**

79.     On information and belief, Apple is a licensee to the Asserted Patents.  On

information and belief, the License expressly permits Apple to offer and otherwise make

available to its developers, such as Plaintiff, products and services that may relate to the

inventions contained in the Asserted Patents.  On information and belief, Defendant's

infringement claims against Plaintiff are based on Plaintiff's use of products and services that

Apple is authorized to provide under the License and which Defendant wrongfully claims

embody the patents in suit.

80.      Under the patent law doctrines of exhaustion and first sale, Plaintiff can use the

products and services Apple provides to it free from claims of infringement of the Asserted

Patents.  Therefore, Defendant's claims against the Developers are barred by at least the

doctrines of patent exhaustion and first sale.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor as follows:

A.     For judgment in favor of Plaintiff against the Defendant on all claims;

B.     For a declaration that Plaintiff's PMD and other products do not infringe any
        valid claim of the Asserted Patents;

C.     For a declaration that the one or more claims of the Asserted Patents are invalid
        under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

D.     For an awarding to Plaintiff for reasonable attorneys' fees and costs, including
        costs for experts, pursuant to state and federal law, including 35 U.S.C. § 285;

E.     For a determination declaring that Defendant's claims against Plaintiff are
        barred by the doctrines of patent exhaustion and first sale;

F.     For a preliminary and permanent injunction enjoining and restraining Defendant
        and its respective officers, partners, employees, agents, parents, subsidiaries or

anyone in privity with them, and all persons acting in concert with them and each of them:

   a.  From making any claims to any person or entity that any product or service of Plaintiff infringes the Asserted Patents;

   b.  From interfering with, or threatening to interfere with, the manufacture, sale, or use of PMD or any of Plaintiff's products and services, by Defendant, its customers, distributors, predecessors, successors or assigns; and

   c.  From instituting or prosecuting any lawsuit or proceeding, placing in issue the right of Plaintiff, its customers, distributors, predecessors, successors or assigns, to make, use or sell products and services that allegedly infringe the Asserted Patents; and

G.    Awarding Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts so triable.

Dated:  May 21, 2012

s/Inessa Baram-Blackwell
Inessa Baram-Blackwell, WSBA #39904
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699
Email:  ibaramblackwell@wsgr.com

Nicole W. Stafford, to be admitted *Pro Hac Vice*
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746
Telephone:  (512) 338-5400
Facsimile:   (512) 338-5499
Email:  nstafford@wsgr.com

Attorneys for Plaintiff *A THINKING APE, INC.*

COMPLAINT FOR DECLARATORY JUDGMENT AND
JURY DEMAND
CASE NO. 2:12-cv-00883

4916240_2.DOCX

- 14 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**PROOF OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail this 21st day of May 2012 to CAPITAL CORPORATE SERVICES, INC., 800 BRAZOS ST., STE 400, AUSTIN, TX 78701-2548.

s/Inessa Baram-Blackwell
INESSA BARAM-BLACKWELL

CERTIFICATE OF SERVICE
CASE NO. 2:12-cv-00883

- 1 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

4916240_2.DOCX